IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Cynthia Verble,                    )<br>                                             )<br>            Plaintiff,             )<br>                                             )<br>    v.                                    )<br>                                             )<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security,                 )<br>                                             )<br>            Defendant.           )<br>_____) | Civil Action No.: 0:14-cv-2516-TLW<br><br>**ORDER** |

The Plaintiff, Cynthia Verble ("Plaintiff"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits. (ECF No. 10-2). This matter is before the Court for review of the Report and Recommendation ("the Report") filed on October 7, 2015 by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC. (ECF No. 19.) In the Report, the Magistrate Judge recommends that the Commissioner's decision be affirmed. The Plaintiff filed objections to the Report on October 23, 2015. (ECF No. 20.) The Commissioner filed a reply to the objections on November 6, 2015. (ECF No. 21.) The matter is now ripe for disposition.

The Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the

>recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, the objections thereto, and all other relevant filings and memoranda. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**. (ECF No. 19.) For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
TERRY L. WOOTEN
Chief United States District Judge

February 3, 2016
Columbia, South Carolina